## WARD and another vs. THE SCHOONER DOLPHIN.

1. LIEN UNDER BOAT AND VESSEL ACT — NOT ASSIGNABLE. The liability of a boat or vessel under statute of Wisconsin, 168, section 1, for all debts contracted by the owner, etc., on account of supplies furnished for its use, or for work and labor done on board, or for labor done or materials furnished in building, repairing, fitting out or furnishing or equipping it, exists only in favor of the original creditor, and is a personal privilege which will not pass to his assignee. *Caldwell v. Lawrence,* 10 Wis. 331.

2. SAME. Where one paid the orders of the owners of a vessel drawn in favor of persons for their labor, who had labored in repairing a vessel, such person cannot hold the vessel liable for the amount thus paid, such payment having extinguished the lien which existed in favor of the laborers.

ERROR to the District Court for *Milwaukee* County.

The plaintiffs in this action, who were merchants at Milwaukee, filed their complaint against the schooner "*Dolphin*," under the statute to provide for the collection of demands against boats and vessels, alleging that the "*Dolphin*" was indebted to them for supplies, etc. furnished the first of June and the first of October, 1841, at the request of John Low and Lester H. Cotton, owners, in the sum of $778.11. The account filed was in part for materials furnished, and which were used to repair the vessel, part for a set of sails purchased in Buffalo and shipped on the steamboat Erie, which was burned and the sails destroyed on Lake Erie and part for payments made to hands who had labored in repairing the vessel, at the request of the owners, and in part for an amount of a judgment against the vessel, paid by the plaintiffs

at the request of the owners.   Plea, *non assumpsit* with notice of set-off.   The plaintiffs' account was admitted at the trial to be correct, and it was proved that the owners, Low & Cotton, entered into an agreement after the account had been made, that the sums for orders which they had drawn on plaintiffs, and which they had paid were to be a general account against the vessel.

The court charged the jury that the plaintiffs were "entitled to recover only for the articles which were actually furnished the vessel by them, and that they were not entitled to recover for the sums paid to the hands who worked on the vessel, nor for the first set of sails which were burned on the Erie on Lake Erie, nor for the judgment paid by plaintiffs."   Verdict for $220.65, and judgment was entered upon the verdict, and the plaintiffs being dissatisfied with the instructions of the court, sued out a writ of error.

*J. E. Arnold*, for plaintiff in error.   1. The plaintiffs' entire claim was justly chargeable against the vessel, because it was expressly agreed between the parties that such claim and demand should be a lien on the vessel. A lien may be implied, or it may be by statute, or it may be by contract, and in this case there is a lien by contract.   10 Wend. 318.   2. Most of the charges were a lien upon the vessel by virtue of the statute.   They are debts contracted by the owners *on account* of supplies furnished, labor done and materials used in repairing and fitting out the vessel.   20 Wend. 179, 181 ; 5 id. 510.

*John H. Tweedy*, for defendant in error.

IRVIN, J.   This is a proceeding instituted by the plaintiffs in error under the provisions of the statute of Wisconsin, page 168, and section one, to recover, among other things, money paid by plaintiffs to persons who worked on the said schooner *Dolphin* in repairing it.

The law above referred to reads thus : "That every boat or vessel used in navigating the waters of this Territory shall be liable :

1st. For all debts contracted by the master, owner, agent or consignee thereof, on account of supplies furnished for the use of such boat or vessel, on account of work done or services rendered on board of such boat or vessel, or on account of labor done, or material furnished by mechanics, tradesmen or others in and for building, repairing, fitting out, furnishing or equipping such boat or vessel."

The plaintiffs in error were merchants of Milwaukee, where the schooner was refitted, and furnished it with sails, timber, etc., and also paid money to the hands for their work on it, to recover for which, resort was had to the provisions of the statute just recited.

The district court, among other things, charged the jury : "That the plaintiffs were entitled to recover only for the articles which were actually furnished the vessel by them, and that they were not entitled to recover for the sums paid the hands who worked on the vessel." The objections taken to the balance of the charge are now abandoned, and only the above is insisted on as error.

The statute we conceive to be very plain, and by its provisions, those who furnish supplies for, and those who do work or render services on board of the boat or vessel, or those who labor on and furnish materials for building, fitting out, etc., acquire a lien on the boat or vessel as a security for payment of their several claims. The law gives the lien to such persons, and the law being an innovation upon the common law, we are required to construe it strictly. That the hands who worked on the vessel acquired the lien, there can be no question ; but the law being an innovation and special in its provisions, and giving no right to transfer the lien, we conceive, that for the labor done, the hands, and they only, could have taken advantage of its provisions. To extend the lien by transfer to others, would be a material, and therefore unwarranted enlargement of the statute. The payment to the hands in this case was made by the plaintiffs in error, on orders given by the owners of the schooner who

conducted its repairs. Those payments extinguished the lien which the hands had upon the vessel, and created a debt between the owners, who drew the drafts, and the plaintiffs in error. Between the debt thus created and the vessel, we see no connection, and are of opinion that the district court committed no error in the charge to the jury, and therefore affirm its decision, with costs.